PEOPLE *v.* ELZY

1. BURGLARY—EVIDENCE—ADMISSIBILITY—ERROR.

   Admission into evidence of a light bulb found on the person of defendant accused of breaking and entering is not error where the arresting officer testified that the building broken into had a light bulb illuminating its doorway, but that just before the breaking and entering the bulb had been removed, because the light bulb as evidence is material in showing defendant's possible connection with the crime charged (MCLA § 750.110).

2. EVIDENCE—SEARCH AND SEIZURE—ARREST.

   A light bulb tending to show defendant's complicity in crime of breaking and entering a building was lawfully obtained as evidence when it was found in defendant's pocket incidentally to his arrest.

3. APPEAL AND ERROR—MISTRIAL—ARREST AND CONVICTION RECORD—VIEW BY JURY—PREJUDICE.

   Holding the arrest and conviction record of defendant, while he was on the witness stand, in such a manner that certain jurors might have read it was not prejudicial to defendant's rights where subsequently a diligent inquiry by the court showed that no one of the jurors knew what information was on the sheet and defense counsel expressed his satisfaction that the matter was cleared up.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 February 5, 1969, at Detroit. (Docket No. 4,767.) Decided February 28, 1969.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Burglary §§ 44, 53.
[3] 5 Am Jur 2d, Appeal and Error § 896.

Williester Elzy was convicted of breaking and entering with intent to commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Mark Turpen,* for defendant.

BEFORE: LESINSKI, C. J., and T. M. BURNS and KELLEY,* JJ.

PER CURIAM. Defendant Williester Elzy was found guilty by a jury of breaking and entering with intent to commit larceny, MCLA § 750.110 (Stat Ann 1962 Rev § 28.305). Defendant appeals, alleging that he was denied a fair trial in that the court erroneously admitted over objection immaterial evidence. Defendant further alleges error in the trial court's denial of his motion for mistrial, which defendant sought on the ground that at trial a sheet of paper containing his arrest and conviction record was held up within viewing range of the jurors by the investigating officer sitting at the counsel table.

The circuit court admitted into evidence a light bulb the defendant had had in his pocket at the time of his arrest. The arresting officer testified he had noticed that the light bulb illuminating the doorway of the building broken into had been removed just before the time of the breaking and entering. No suggestion is made that this evidence obtained was the fruit of an unconstitutional search and seizure;

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

it was obtained in fact incidentally to a lawful arrest. The light bulb as evidence was clearly material in that it tended to show the defendant's participation in the commission of the crime charged. There was no error in its admission into evidence.

After defense counsel had brought to the trial court's attention the possible prejudice of the investigating officer's having held up the sheet containing defendant's arrest and conviction record, the court diligently inquired of the members of the jury whether any of them had seen the paper in question or had any awareness of what was contained on the paper. Only one juror reported having any recollection of seeing the paper, and not one of the jurors had any awareness of the information contained on the sheet. At the conclusion of the court's interrogation of the jury regarding the papers, the court granted defense counsel the opportunity to further question the jury on this subject. Defense counsel declined further questioning and responded: "No, your Honor. I think that clears it up fine."

Although the defendant took the stand in his own behalf, the prosecution did not cross-examine him with regard to his prior convictions. We are convinced from a study of this record that no possible prejudice to the defendant's right to a fair trial resulted from this minor incident. The defendant enjoyed due process of law; the evidence overwhelmingly supports the verdict beyond any reasonable doubt. There is no prejudicial error, and the conviction is affirmed.